■ In the Matter of the Claim of MAUDE A. MORROCCO, Respondent, v. MOHICAN STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent worked as a baker for the employer during several distinct periods — from 1936 to 1947; from April, 1951 to June 16, 1951 and from February 11, 1952 to February 16, 1952. Between some of these times he worked for other employers. There is proof that in these employments decedent worked with flour and was exposed to flour dust. On June 15, 1951, having left the Kingston job of this employer to take another job for the same employer at Auburn, he collapsed at home and underwent medical treatment. This date has been found by the board to be the date of disablement; and it seems clear that the board was justified in that finding. There is unequivocal medical proof that he was then totally disabled. Although decedent thereafter worked for another employer from a few weeks after June 16, 1951 to January 1, 1952, and for the appellant employer from February 11, 1952 to February 16, 1952, there is expert opinion that he remained medically "disabled" through this period to his death on March 18, 1962. If the disablement of June 16, 1951 was related to the exposure to flour dust in the employer's plant from April 16, 1951 to June 16, 1951, as the board seems to have found, the last exposure to flour dust occurred well within the statutory period of disablement. It would also be possible to find from this record, although the board seems not to have reached that question, that the exposure to flour dust in this employer's plant from 1936 to 1947 was related to the disablement. There is medical opinion associating the 1936–1947 employment with the asthma and there is proof that decedent was thereafter continuously employed as a baker until he again went to work for appellant employer on April 16, 1951. (Cf. Workmen's Compensation Law, § 40.) The record, however, is sufficient to base a finding of harmful exposure to dust in the period of employment with the employer immediately prior to disablement. There is adequate medical proof not only that decedent had baker's asthma, but that this is a disease due to an allergic reaction to flour. The board's decision is that "as a result of his occupation" decedent "contracted an occupational disease, pulmonary fibrosis and emphysema"; that the disease "was a natural hazard of his employment as a baker and was due to exposure to flour dust"; and that the disease caused his disablement and his death. While the disease entities "pulmonary fibrosis and emphysema" do not seem alone to be occupational diseases related to bakers, it is clear from the medical evidence that bakers' asthma is an occupational hazard of the work (Matter of Mayr v. Price, 9 A D 2d 801) and the medical testimony is sufficient to show that the fibrosis and emphysema resulted from the asthma. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.